Judge Bockner,
delivered the opinion of the coUft.
This was a suit in chancery, instituted by Philip Negley against Benjamin Letcher in 1806, lo be relieved against a fraud, which he alleges was practised upon him by Letcher. The bill -exhib- ' its, in substance, the following case;
On the 9fch of April, 1796, In the state of Pennsylvania, Negley and Jacob Weiser, to whom Negley had previously'lent .$800, entered into a mutual covenant, by which Negley bound himself to pay Weiser, on the .‘20th of November of that year, £1,566 19s. 8d. in the currency of that state, in consideration of goods received by Negley, which he bound himself to vend in the state of Kentucky, and account to Weiser For half •of the profits of the sales. On the 24th of November, 1796, Weiser assigned the covenant, except as to the anticipated profits, to Thomas Hickson, to whom Negley made payments, which are credited on the instrument, as follows: “January, 19th, 1797, $480; 26th January, 1797, £112 17s. 3d.; 'September 7th, 1797, £19 18s. 9d.
■In 1802, Negley, having been informed that the covenant had fallen into the hands of Henry Shroeder, of Baltimore, in the state of Maryland, and wishing to pay the balance justly due on it,employed Letcher,to whom he had previously sold such of the goods as remained on hand, no profits having been realized, to. go to Baltimore and adjust the matter upon the best terms he •could, as he had been defrauded in the contract, by Weiser, and to insist upon a credit for the $809 lent, which had not been credited. For this purpose, he furnished Letcher with upwards of £990, Pennsylvania Currency; about £300 of that sum, consisting of a judgment, in the name of Letcher, against Pemberton, which JLeféher had transferred to him, in part payment of the goods purchased. He accordingly went to Baltimore, and saw Shroeder; but on his return informed. Negley, that he had insisted on payment of the whple *514 gum ami interest, due on the covenant, except the credits endorsed; that, being unable to make any more ad-van^ageous arrangement with him on the subject, they had submitted the matter to arbitration, Letcher having selected, as one of the arbitrators, Birney, of Danville, Kentucky, and Shroeder, another person, who awarded, 'that the credits endorsed should be deducted, and the remainder paid with interest, subject to a deduction of twenty live per centum; that he paid to Shroeder the •money sent, and had executed to him his (Letcher’s,) bond for £¡2Ll0s. 2d., and had taken an assignment of the article to himself. N cgley, having conveyed his property to his children for the benefit of themselves-and mother, had received from three of his sons their bond for £600. Letcher, setting up claim to the benefit of the covenant assigned to him, instituted a suit in chancery to vacate the conveyance, and subject the property conveyed to his claim, and prevailed on Negley to enter into a written agreement with him, • by which, it was stipulated that thelatter should pay hi m £424 L0.s. 2d., Pennsylvania currency,it being claimed -as the balance due on the covenant of the 9th of April, 1796, to be paid so soon as the money could be collected, by suit, on the aforesaid £600 bond. Negley, also, executed to him,on the same day, a bond for £200, as a compensation for his services in going to Baltimore, and making the settlement with Shroeder.
Shortly after this, Negley was informed that Letcher iiad acted in a faithless and fraudulent manner; that there iiad been no arbitration of the matter; that he had represented to Shroeder, that Negley was insolvent; • had tied to the Spanish territory, and had paid Shroeder '5'890 only of the money sent, for which he had procurad an ¿assignment m himself of the covenant to the amount of £‘.¡ú(), with an interest of one half of what, be mightcoLect on it, above that sum:
For the purpose of satisfying himself, by obtaining a correct history of the transaction at Baltimore, Negley went there, and-ascertained that the information, which he had received, was substantially true. Immediately p-evious to his departure, Letcher execdled to him the following instruments of writing:
“ Whereas, Mr. P. Negley is about to leave the state,- and as life is uncertain, it is agreed, that said *515 Negley find' his heirs shall have credit, .with me, as follows, that is for the amount of P-mberron’i judgment in Frankfort; for six hundred pounds, Pennsyf-Vania currency; for three hundred and thirty three-pounds, on Robardspand shouldU overpay said Letch-er, he is to refund; and should it not be sufficient, said Negley is to make it good; also, said Negley is to have credit for thirty seven pounds, ten shillings, for Thomas Letcher. BEN. LETCHER.
Test. — Thomas Helm.”
“ For the-satisfaction of Mr. Negley, I do agree, that the bonds Í have upon him is of no effect, only to shew, incase of death, the transaction; and the receipt Í gave him is to be applied as is srated (herein, and the •Said bond is considered as paid, until a final seftlemeni respecting interest. B. LETCHER.”
Shortly after the execution of the writings by N '.gley to Letcher, for the £ 121- Lb. ‘Id,, and for £’¿00, Negley had. placed the bond, executed to him by his sons, in the hfinds of a lawyer for collection. His children bad sold atract of land, part of the property which he had-conveyed' to-them,.to J. Robards, for £oOO, out of which, he was to be paid the £ol)0 due to him. ilobards, with Mosby, as his surely, had ex-cuted, in part payment, four bonds to them for £125 each. WhilstNegley was absent, on his journey to Baltimore, ? etcher had induced Negley’s lawyer, in whose hands the bond for £000 had been placed for collection, to believe that it was n roper to deliver it to-him, who did accordingly deliver it. He then entered into a contract with- the obligors, therein, by which, that bond was given to them in exchange for three of the bonds on Robards and Mosby. One of them was assigned to Birney, on which suit had been commenced and judgment recovered. Letcher had, also, recovered judgments on the other two.
Birney, Robards, Mosby, and the children of Negley, are also made defendants. The prayer of the bill is, tliat the judgments above mentioned be injoined; that the defendants be decreed to pay the amount to Negley; that the bonds executed to Letcher for the sums-named, be cancelled, &c.
At the September rules, 1807, Letcher filed his answer, which will be hereafter noticed. The other de *516 fendants were served with process', and the obligors iif bond for £'6U0 executed to Negley,filed an answer which it is not necessary particularly to sp'eakfof.
In this situation the cause remained,- no important slep having been taken in it, except the dissolution of the injunction against Birney’s judgment, and the dismission of the bill, as to him, until 1817, when Negley filed am amendment to his original bill, making Weiser, Hick-son and Shroeder, defendants. Being nonresidents., orders of publication against them were executed. Neither of them, except Shroeder, answered. lie filed, bis answer in October. 1821, which he prays may betaken as a cross bill against [.etcher. He exhibits the contract between them, whereby he assigns to 1 .etcher and interest of £000, Maryland currency,-in the covenant on Negley, with one half of what he might collect above that sum* in consideration of $800 advanced. He charges Letcher with fraudulent misrepresentations in ¡procuring from him the contract^ representing the circumstances which occurred at the time it was entered into, in about the same-way that Negley states them, and p-rays for a decree cancelling it, and that Negley and belcher, or one of them, may be compelled to account to him for whatever he may be entitled to on •the' covenant assigned.
To this- cross bill, also, Letcher fifed his answer. Mosby having died, the suit abated as to him.
In 1827, the suit was heard in pact by consent, as toNegley and belcher, and by consenfa decree was pronounced allowing the claim set up by Negley for the ‡800 alleged to have been lent to Weiser, and not credited on the covenant between them, and applying the two judgments, which Letcher had recovered against Robarás and Mosby on the bonds for £125 each, to the discharge of it. The amount of those judgments, it may be presumed, has been paid by -Negley.
At the April term, 1829, the circuit court entered a finaldecreeupon the original and amendedbillofNegley, and on the cross hill of Shroeder, that the two covenants executed by Negley to Letcher, bearing date the 30th of December, 1802, the one for J...42410s. 2d., the other for £200, be cancelled, and held for nought, and that Negley recover of Letcher his costs. As to thq *517 •Other defendants, the bill was dismissed with coats. On the cross bill of Shroeder, it was decreed that Letcher should pay to him the sum of $1,935, with interest thereon, at the rate of six per centum per annum, from 1st of April, 1803, until the 1st of October, 18*38, and that for that sum the covenant between Weiser and Negley should be credited as paid on the ls> of April, 1803. For the remainder, estimated-as due to Shroeder on that covenant, a decree was entered in his favor against Negley, amounting to $851, and that Negley and Letcher should pay to him his costs expended in the prosecution of Iris suit. From the decree, Letcher alone has appealed, and has assigned, as errors,
To a suit by the equitable 00venant h¡.¡ assignors are ««««««/par.
Publication against a per defendant to the bill, does hint0 ihC
*517 1st. That the necessary parties were not made to the original and amended bill of Negley; that those named as parties thereto, were not brought before the court.
2nd. That the necessary parties were not made to Shroeder’s cross bill, and that the decree in his favor, is eorroneous on its merits.
The decree, in favor of Shroeder, is obyiously erroneous upon one ground, and it is, therefore, unnecessary to investigate if; in other respects, as it must he reversed. His claim, under the covenant, should he regarded in a court of equity. But the covenant is not the subject of an assignment, so as to vest him with the legal title to it; and consequently, Weiser and Hickson, under whom he claimed, should have been made parties to his bill. When called on to answer, they may deny that he has any interest in the matter. Indeed, as to the profits, if any there were on the sales of the goods, Shroeder does not pretend to assert any right. That the persons named may be considered as before the court, by constructive service of process in the case of Negley against Letcher, &c., cannot avail Shroeder, as it relates to the decree in his favor.
His bill, though ho has so termed it, is not properly a cross bill; and persons who are not prayed to be made parties to it, cannot be viewed as. defendants. It is true, that an order of publication was executed against Weiser and Hickson as nonresidents, calling »n them to answer the bill of Stironder, as well as *518 that'of Negley; but they were not thereby made parties to the suit. Taylor vs. Bate, IV Mon. 268.
With respect to the decree' in favor of Negley cancelling the obligations for the ,£434 10s. 2d. and áSdüí), there is no well founded objection. Letcher's answer, independently of the proof, induces strong-suspicion of improper conduct, on his pari, towards Negley. It seems to be an aiiernpt, by ingenious argument, to conceal the true character of the transaction, rather than that full and fair exposition of it which might be expected ¡o-characterize the answer of a defendant, conscious of the purity of hi? motives and the fairness of his conduct, lie says that he was not employed by Negley to lift the article of agreement in the bill mentioned, nor was he supplied with funds for that purpose, and does not believe that Negley knew he had an idea of making a purchase of the-article of agreement, before it was completed. He acknowledges that Negley employed him to go to Pennsylvania to collect about .£(500 for him, but makes no response to the allegation respecting the judgment against Pemberton; and as to the charge concerning his representations to Shroeder, derogatory to Negley, he says lie does not b'clvva that he made them. He insists that the bond for .£200 was not executed as a compensation for his services, but impart of what was due on the article. . As to the £124 10». 2d. bond, he says “he can recollect nothing of it, only that Shroeder took his (Letcher’s) note, for half of what might be collected above what he then paid for.” It may be true, literally speaking, that he .was no! supplied, with funds to take in the covenant from Shroeder; for it appears that thesurn of six hundred pounds, or upwards, of the money designed for that purpose was due to Negley, on bonds, by persons in Pennsylvania, which Letcher acknowledges he received for collection, and he does not deny that he mudé the collection. Tiie other of £ PJ ), was in a judgment in this state, which he was bound for, and seems ,o have been considered as in his hands. The two instruments of writing, which he executed to Negley, shortly before the latter left the state, (the execution of which he has not denied,) furnish strong evidence against him.
Ozrafai/. for appellant.
But it is useless further to pursue his answer; because we are satisfied that the depositions in the cause, fully warrant the decree which was rendered in favor of Negley; and in that case, all the necessary parties were before the court. It must, therefore, be affirmed with costs.
The decree in favor of Shrocder against Letcher, must be reversed, for the reasons assigned; and it is apparent, that as against Negley, it is for the same reasons erroneous.
We had, nevertheless, some hesitation as to the propriety of reversing it, as to him, as he has not questioned its correctness. But, irreparable mischief might otherwise result to Shroedor.
lie claims to be entitled to the money, alleged to be due on t.ie covenant of 1790, and prays for a decree against Í.etcher and Negley. With the decree, as rendered, he was satisfied. But, on the return of the cause to the circuit court, the case may assume a new aspect as to Letcher, it mav, perhaps, be shown, that no decree ought to be rendered against him in favor of Siiroeder; and in that event, it may be proper to decree against Negley to a greater extent than has been done.
The appeal brings before this court the whole case, •and to insure justice, in seems necessary, to reverse the decree in favor of Sáhroeder, as to both Letcher and Negley, which is accordingly decreed.
The cause must be remanded to the circuit court, with directions to dismiss his bill, without prejudice, unless he shall take the necessary steps to bring the proper parties before the court.